UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In the Matter of

GEORGE ORANTES,

                           Debtor.
-------------------------------------------------------------------X
KENNETH KIRSCHENBAUM, as Trustee of
the Estate of George Orantes,

                           Plaintiff,

        -against-

ROBERTO ORANTES and KARLA RAMIREZ,

                           Defendants.
-------------------------------------------------------------------X

Chapter 7

Case No.: 809-75488-reg

Adv. Pro. No. 818-08095-reg

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                          )SS.:
COUNTY OF NASSAU  )

      WENDY GONZALEZ, being duly sworn, deposes and says:

      I am not a party to the action, am over 18 years of age and reside at Uniondale, New York.

      On June 25, 2018, I served a true copy of the annexed **SUMMONS AND NOTICE OF PRETRIAL CONFERENCE and COMPLAINT** in the following manner:

      BY: Mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) listed below:

Roberto Orantes
35 Seaview Drive
Daly City, CA 94015

Karla Ramirez
99 Oak Avenue, Apt. 214
South San Francisco, CA 94080

George Orantes
37 Burrs Lane
Dix Hills, NY 11746

Andrew M. Doktofsky, P.C.
52 Elm Street, Suite 6
Huntington, NY 11743

Kenneth A Reynolds, Esq.
McBreen & Kopko, Esqs.
500 North Broadway, Suite 129
Jericho, NY 11753

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722

American Express Centurion Bank
c/o Becket and Lee, LLP
P.O. Box 3001
Malvern, PA 19355-0701

Sworn to before me on this
25th day of June, 2018

_____            _____
NOTARY PUBLIC                                                    WENDY GONZALEZ

EILEEN WAGDA
Notary Public, State of New York
No. 01WA4837171
Qualified in Nassau County
Commission Expires Feb. 28, 20 2 2

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: George Orantes

Kenneth Kirschenbaum

                                    Plaintiff(s),

–against–
Roberto Orantes
Karla Ramirez

                                    Defendant(s)

Bankruptcy Case No.: 8-09-75488-reg

Adversary Proceeding No. 8-18-08095-reg

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint, which is attached to this summons, to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| **Address of Clerk:** |
| --- |
| United States Bankruptcy Court<br>290 Federal Plaza<br>Central Islip, NY 11722 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| **Name and Address of Plaintiff's Attorney:** |
| --- |
| Steven B Sheinwald<br>Kirschenbaum & Kirschenbaum<br>200 Garden City Plaza<br>Garden City, NY 11530-3302 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location:<br>United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza – Room 860, Central Islip, NY 11722 | Date and Time:<br>July 30, 2018 at 09:30 AM |
| --- | --- |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: June 25, 2018                                Robert A. Gavin, Jr., Clerk of the Court

**Summons** [Summons and Notice of Pretrial Conf. rev. 05/27/2016]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In the Matter of

GEORGE ORANTES,

                       Debtor.
-------------------------------------------------------------X
KENNETH KIRSCHENBAUM, as Trustee
of the Estate of George Orantes,

                       Plaintiff,

-against-

ROBERTO ORANTES and KARLA RAMIREZ,

                       Defendants.
-------------------------------------------------------------X

Chapter 7

Case No. 809-75488-reg

COMPLAINT

Adv Pro No.:

Plaintiff, Kenneth Kirschenbaum, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate (the "Estate") of George Orantes (the "Debtor"), by his attorneys, Kirschenbaum & Kirschenbaum, P.C., as and for his complaint against defendants Roberto Orantes ("Roberto") and Karla Ramirez ("Karla," who, together with Roberto shall collectively be referred to as "Defendants"), alleges as follows:

**THE PARTIES**

1. Plaintiff is the duly appointed, qualified, and acting Trustee of the Debtor's Estate and is authorized to commence this action under 11 U.S.C. §323 and Rule 6009 of the Federal Rules of Bankruptcy Procedure.

2. At the time of the filing of the Debtor's bankruptcy petition, and at all times hereinafter mentioned, Defendant Roberto Orantes was an individual who co-owned, together with the Debtor and Defendant Karla Ramirez, the real property commonly known as 35 Seaview Drive, Daly City,

California 94015 (the "Property") as a joint tenant.

3. At the time of the filing of the Debtor's bankruptcy petition, and at all times hereinafter mentioned, Defendant Karla Ramirez was an individual who co-owned, together with the Debtor and Defendant Roberto Orantes, the Property as a joint tenant.

**BACKGROUND, JURISDICTION AND VENUE**

4. The Debtor filed a voluntary petition for relief (the "2009 Petition") pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 24, 2009 under case number 809-75488-reg (the "Bankruptcy Proceeding").

5. Upon the filing of the Debtor's Petition, Kenneth Kirschenbaum was appointed interim Trustee. He duly qualified and, thereafter, became the permanent Trustee.

6. The Schedules annexed to the Debtor's 2009 Petition did not disclose the Debtor's interest in the Property.

7. On August 4, 2009 the Trustee filed a Report of No Distribution. On December 18, 2009 the final decree was entered on the Court's docket, and the case was closed.

8. On August 3, 2017 the Debtor filed a second voluntary petition for relief (the "2017 Petition") pursuant to Chapter 7 of the Bankruptcy Code under case number 817-74749-reg.

9. In Schedule A of the 2017 Petition, the Debtor disclosed his interest in the Property.

10. The Debtor acquired his interest in the Property on or about June 27, 2006, which was prior to the filing of the 2009 Petition.

11. The Debtor's interest in the Property constituted an undisclosed, un-administered asset of this case.

12. On or about December 13, 2017, the Debtor's counsel filed a motion seeking, *inter alia*, an order: (a) reopening this case to permit the Debtor to amend his Schedules to disclose any assets

which were not disclosed prior to the entry of the final decree in the 2009 case; and (b) directing the United States Trustee to appoint a Chapter 7 Trustee in the re-opened case to investigate and administer any asset which was not previously disclosed by the Debtor (the "Motion to Reopen").

13. On January 30, 2018 an order was entered by the Bankruptcy Court granting the relief requested in the Motion to Reopen.

14. Following the reopening of the case, Kenneth Kirschenbaum was appointed as the Chapter 7 Trustee in the reopened case and has served in that capacity to date.

15. This adversary proceeding arises under 11 U.S.C. §§ 105, 323, 363, and 541 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and arises in and under the Chapter 7 case of the Debtor on the docket of this Court.

16. Plaintiff is seeking an Order: (a) pursuant to 11 U.S.C. §363(h) authorizing the Trustee to sell both the Estate's and the Defendants' respective interests in the Property free and clear of the Defendants' interests in the Property; (b) pursuant to 11 U.S.C. § 363(j) determining the respective distributive interests of the Estate and the Defendants in and to the proceeds from the sale of the Property; and (c) granting such other and further relief as this Court deems just and proper.

17. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. § 157.

18. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(N) and (O).

19. This court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409(a).

**GENERAL ALLEGATIONS**

20. At the time of the filing of the 2009 Petition, the Debtor and the Defendants co-owned the Property as joint tenants.

21. Upon the filing of the Debtor's 2009 Petition, the Debtor's interest in the Property vested in the Trustee in accordance with 11 U.S.C. §541(a).

22. Upon information and belief, the fair market value of the Property is in excess of $1,000,000.00.

23. Upon information and belief, there is a first mortgage encumbering the Property.

24. Upon information and belief, the total amount currently needed to satisfy the first mortgage is approximately $602,585.00.

25. Upon information and belief, there is a second mortgage encumbering the Property.

26. Upon information and belief, the total amount currently needed to satisfy the second mortgage is approximately $72,600.00.

27. Upon information and belief, other than the first and second mortgages, there are no liens, claims or other interests encumbering the Property which existed prior to the filing of the 2009 Petition.

28. Upon information and belief, all real estate taxes assessed against the Property which have become due and payable to date have been paid.

29. At the time the 2009 Petition was filed, the Property was not the principal residence of the Debtor, the Debtor did not reside in the Property and the Debtor did not claim a homestead exemption based upon his interest in the Property as a joint tenant.

30. At the time the 2009 Petition was filed, the Debtor was not entitled to claim a homestead exemption based upon his interest in the Property as a joint tenant.

31. Upon information and belief, the Property, if sold in its entirety, has a fair market value sufficient to satisfy all liens, claims or other interests encumbering the Property, to pay all administrative fees and expenses incurred by the Estate, and to make a substantial distribution to the

general unsecured creditors of the Estate.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY THE TRUSTEE SEEKING AUTHORIZATION PURSUANT TO 11 U.S.C. §§ 363(h) TO SELL THE ESTATE'S AND THE CO-OWNERS' INTERESTS IN THE PROPERTY FREE AND CLEAR OF THE NON-DEBTOR CO-OWNERS' INTERESTS IN THE PROPERTY, AND A DETERMINATION OF THE DEFENDANTS' RESPECTIVE DISTRIBUTIVE INTERESTS IN AND TO THE PROCEEDS OF SALE OF THE PROPERTY
**(Incorporating all previous allegations)**

32. Plaintiff may obtain authorization from the Court to sell the Property free and clear of the interest of the Defendants pursuant to 11 U.S.C. § 363(h) and a determination of the Defendants' distributive interest in the sale proceeds pursuant to 11 U.S.C. § 363(j).

33. Upon information and belief, the price at which the Property will be sold will be greater than the aggregate value of all liens, claims or other interests against the Property.

34. Upon information and belief, Defendant Roberto Orantes resides in the one-family home situated on the Property.

35. Upon information and belief, neither Defendant George Orantes nor Defendant Karla Ramirez resides on the Property.

36. Upon information and belief, there is no other residence on the Property.

37. Partition in kind of the Property among the Estate and the co-owners is impracticable because it is comprised of a one family dwelling

38. Upon information and belief, a sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than a sale of the Property free and clear of the interests of the co-owner Defendants.

39. The benefit to the Estate of a sale of the Property free and clear of Defendants' interests outweighs the detriment, if any, to the Defendants.

40. Defendants will not be unduly prejudiced by a sale free and clear of their interests in the

Property because they will receive the cash equivalent of their respective distributive interests from the proceeds of sale of the Property in accordance with 11 U.S.C. § 363(j).

41. The liquidation of the Property will produce a substantial benefit to the Estate's creditors.

42. Upon information and belief, the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

43. In view of the foregoing, the Trustee is entitled to a judgment against the Defendants in accordance with §§363(h) and (j) of the Bankruptcy Code: (a) authorizing the Trustee to sell the Property free and clear of Defendants' interests therein; and (b) determining the Defendants' respective distributive interests in and to the proceeds from a sale of the Property by the Trustee.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) on the first claim for relief: (i) authorizing the Trustee, pursuant to 11 U.S.C. § 363(h), to sell the Property free and clear of Defendants' interests therein; and (ii) determining the Defendants' respective distributive interests in and to the proceeds from a sale of the Property by the Trustee; and

(b) granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
June 22, 2018

                KIRSCHENBAUM & KIRSCHENBAUM, P.C.
                Attorneys for the Plaintiff

                By: /s/ Steven B. Sheinwald
                Steven B. Sheinwald
                200 Garden City Plaza
                Garden City, New York 11530
                (516) 747-6700